UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

CIVIL ACTION NO. 05-52-DLB

EDWARD C. LUCAS                                                                  PLAINTIFF

vs.                          **MEMORANDUM ORDER**

CITY OF LUDLOW, KENTUCKY, ET AL.                             DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \*

       This matter is presently before the Court for review of supplemental briefs on Plaintiff's request to amend his Complaint in order to assert a claim under 42 U.S.C. § 1985(3).

       At oral argument on the Motion to Dismiss of Defendants Ludlow Independent Schools and Elizabeth Grause, Plaintiff sought leave to assert a § 1985(3) claim based upon his sexual orientation and HIV positive status. Because at hearing these Defendants opposed the request to amend as futile, the Court ordered supplemental briefs to give the parties an opportunity to research and present the merits of their positions. The matter is now ripe for review.

       Section 1985(3) prohibits a conspiracy "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under this statute, a plaintiff "must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws [or of equal privileges or immunities of the laws], (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or

a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson,* 167 F.3d 1041, 1050 (6th Cir. 1999); *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 314 (6th Cir. 2005).

After researching the matter, Plaintiff now concedes that "homosexuality has not been declared a subject class under 42 U.S.C. § 1985[.]" (Doc. #34, p.1) Accordingly, Plaintiff's request for leave to amend his Complaint in order to assert a § 1985(3) claim based upon his status as homosexual will be denied as futile.

The parties disagree, however, on whether Plaintiff's HIV positive status may form the basis for a viable § 1985(3) claim. Plaintiff submits the focus of the authorities relied upon by Defendants was whether sexual orientation is a protected class for purposes of a § 1985(3) claim; they did not involve assertion of alleged discriminatory animus because of HIV positive status specifically. The Court's review of the authorities cited by Defendants (Doc. #28, pp. 4-5) confirms Plaintiff's distinction of those decisions.

Nevertheless, Plaintiff acknowledges his research efforts failed to uncover any circuit court authorities recognizing HIV positive status as a protected class for purposes of asserting a § 1985(3) claim. Plaintiff submits that this is not fatal to his cause, as neither has the Sixth Circuit rejected outright a proposed § 1985(3) claim on this basis. Plaintiff argues that while homosexuals have not been recognized as a class protected within § 1985(3), those homosexuals with disabilities of HIV/AIDS have been "included in the subject classes covered by § 1985[.]" (Doc. #34, p. 3) Though Plaintiff does not cite to a decision so holding, he relies upon the Americans with Disabilities Act's (ADA's) inclusion of HIV/AIDS as a covered disability as providing him with the right to sue under § 1985(3).

2

Plaintiff submits that while older decisions declined to recognize disabled individuals as a class cognizable under § 1985(3), more recent authority has recognized such a class, citing *Trautz v. Weisman,* 819 F. Supp. 282 (S.D.N.Y. 1993) in support of this conclusion. In recognizing disabled persons as a class within § 1985(3)'s coverage, the *Trautz* court emphasized that most of the decisions to the contrary were prior to the enactment of the ADA and its recognition and protection of persons with disabilities as a discrete and insular minority. *Id.* at 292-93.

Plaintiff's reliance upon *Trautz* is understandable, yet unpersuasive. As there is Sixth Circuit authority on this point, this Court cannot be guided by the New York district court's 1993 decision in *Trautz*, a decision not cited nor discussed in any decision within this circuit.[1] The Sixth Circuit has held that "claims based on disability-based discrimination or animus" are not actionable under § 1985(3). *Bartell v. Lohiser,* 215 F.3d 550, 559 (6th Cir. 2000). In so holding, the *Bartell* court noted "that § 1985(3) only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause; and 2) 'those individuals who join together as a class for the purpose of asserting certain fundamental rights.'" *Id.* at 560 (quoting *Browder v. Tipton,* 630 F.2d 1149, 1150 (6th Cir. 1980)). Since "the Supreme Court has not conferred suspect or quasi-suspect status on statutory classifications covering the disabled," and Bartell had not alleged any "class-

---

[1] Indeed, in extending § 1985(3) to persons with disabilities, the *Trautz* court cited to the Sixth Circuit's decision in *Browder v. Tipton,* 630 F.2d 1149, 1150 (6th Cir. 1980) as holding that "discrete and insular minorities are protected under § 1985(3)." *Trautz,* 819 F. Supp. at 294. However, what *Browder* actually held was that "those so-called 'discrete and insular' minorities *that receive special protection under the Equal Protection Clause because of inherent personal characteristics"* are the classes of individuals protected by § 1985(3)'s reference to those classes deprived of "equal protection of the laws." *Browder,* 630 F.2d at 1150 (emphasis added). And the court in *Trautz* had already noted that "heightened scrutiny for discrimination against individuals with disabilities under the equal protection clause" is not provided by the ADA. *Trautz,* 819 F. Supp. at 294.

3

based animus toward those attempting to assert the fundamental right to parent, or any other fundamental right," the court concluded Bartell's § 1985(3) claim must be dismissed.

In the present case, though persons with HIV/AIDS may be considered disabled under the ADA, they do not receive heightened protection under the Equal Protection Clause. Nor has Plaintiff pointed to any fundamental right associated with his HIV positive status that he was attempting to assert and against which Defendants had some class-based animus. Accordingly, Plaintiff has failed to establish that his HIV positive status falls within the § 1985(3) classes recognized by the Supreme Court or Sixth Circuit, and so his request for leave to amend his Complaint in order to assert a § 1985(3) claim on this basis will also be denied as futile.

This does not conclude the matter, however. Plaintiff's supplemental briefing now also seeks to pursue a § 1985(3) claim based upon his status as an opponent of the school levy. As noted in the Court's September 2, 2005, Memorandum Order, Plaintiff had indicated at oral argument that although he was harassed because of his opposition to the school levy, this classification would not support a § 1985(3) claim. But he has apparently changed his position on this point after researching to prepare his supplemental brief.

Persons expressing opposition to public officials, candidates, or legislative acts have been viewed as within the class of persons protected from discriminatory animus for expressing their political beliefs. *See Conklin v. Lovely,* 834 F.2d 543 (6th Cir. 1987)(animus directed against political views of those supporting an opposition candidate fell within § 1985(3)); *Glasson v. City of Louisville,* 518 F.2d 899 (6th Cir.), *cert. denied,* 423 U.S. 930 (1975)(persons critical of government officials can constitute a class for § 1985(3) purposes); *Cameron v. Brock,* 473 F.2d 608 (6th Cir. 1973)(plaintiff's support of incumbent's

challenger fell within class protected by § 1985(3)); *Coon v. Froehlich,* 556 F. Supp. 115 (S.D. Ohio 1983)(plaintiff as member of class of individuals opposed to municipal charter could maintain a § 1985(3) claim). Plaintiff maintains that he was deprived of his rights when he actively campaigned against the school levy, and that it can be inferred through the circumstantial allegations set forth in his Complaint that he "has sufficiently alleged that a conspiracy occurred between Defendants Grause and Tucker, as well as others...." (Doc. #31, p. 4)

Defendants have not challenged the substance of Plaintiff's contention that status in a class of persons opposed to a school tax can be protected by § 1985. Rather, they seek either dismissal of this claim (Doc. #33, p. 1) or denial of Plaintiff's request to amend (*id.* at p. 4) based upon Plaintiff's failure to meet his pleading burden for such claim.

The Court agrees that Plaintiff has not adequately pled a claim under 42 U.S.C. § 1985(3) based upon his claimed status as an opponent to the school levy. The Court previously granted Plaintiff's request to voluntarily dismiss his § 1981 claim. Nowhere does the face of Plaintiff's Complaint identify 42 U.S.C. § 1985(3) as a legal theory under which Plaintiff states a claim. However, the Court is not inclined to prohibit Plaintiff from pursuing this claim for failure to adequately plead it, when the purpose of the supplemental filings was to determine whether Plaintiff should be given leave to amend to assert a claim under § 1985(3). Moreover, the case schedule reflects the parties agreed to an October 1, 2005, deadline for Plaintiff to seek to join parties or amend pleadings, and Plaintiff's request for leave to assert a § 1985(3) claim was made prior to this deadline.

Plaintiff will be permitted leave to amend his Complaint in order to assert a § 1985(3) claim premised upon his tax opponent status. The requirements to state a claim under this

statute as articulated in *Bass v. Robinson* and *Radvansky v. City of Olmsted Falls* have been previously noted herein. Plaintiff would also be well-served to review the *Coon v. Froehlich* as well as the *Conklin, Glasson, and Cameron* decisions cited above for pleading guidance to ensure that "either direct or inferential allegations respecting all the material elements to sustain a recovery" under this legal theory are set forth in the Complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988).

Accordingly, **IT IS ORDERED** that:

(1)     Plaintiff's request for leave to amend his Complaint to assert a claim under 42 U.S.C. § 1985(3) based upon his sexual orientation and HIV status is hereby **denied.**

(2)     Plaintiff's request for leave to amend his Complaint to assert a claim under 42 U.S.C. § 1985(3) based upon his status as an opponent of the school tax levy is hereby **granted.** Within **fifteen (15) days**, Plaintiff shall file an Amended Complaint properly pleading this claim in appropriate detail.

(3)     Defendants Grause and Ludlow Independent Schools shall file their Answer within **fifteen (15) days** of Plaintiff's amended filing, and any of the other Defendants are also so ordered to the extent Plaintiff's Amended Complaint necessitates they respond.

This 15th day of December, 2005.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\Cov05\52-Sec1985claimOrder.wpd